UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:15-cr-226-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| JAZZMIN DAILEY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Report and Recommendation (ECF No. 91) entered by Magistrate Judge Peggy A. Leen on May 23, 2016, denying Defendant Jazzmin Dailey's ("Defendant's") Motion to Suppress Statements (ECF No. 73). Defendant timely filed her Objection (ECF No. 99), and the Government timely filed a Response (ECF No. 102).

## I. BACKGROUND

On August 5, 2015, an Indictment (ECF No. 28) was entered charging Defendant and co-Defendant Johnny Moore ("co-Defendant") with Count One of Transportation of a Minor for Prostitution, in violation of 18 U.S.C. §§ 2423(a) and (e), and Count Two of Attempt Sex Trafficking of a Minor, in violation of 18 U.S.C. §§ 1591(a) and (b)(2) and §§ 1594(a) and (b). The Indictment issued following the arrest of Defendant and co-Defendant by the Las Vegas Metropolitan Police Department (the "LVMPD"). (R. & R. 1:20–2:1, ECF No. 91). Defendant and a female juvenile were stopped by an LVMPD officer "in an area known for high prostitution activity." (*Id.* 1:22). The LVMPD officer eventually confirmed that the female juvenile was a "minor who had been reported as a missing person." (*Id.* 1:24 – 25). As Judge Leen describes, "The female juvenile made statements [that] she was engaging in prostitution acts directed by [Defendant and co-Defendant]," who were then both arrested. (*Id.* 2:1–2). At

the Clark County Detention Center, LVMPD Detective Chavez conducted a two taped interrogations of Defendant. (*Id.* 2:3–4). At the start of each interrogation, Detective Chavez gave Defendant the following *Miranda* warning:

> You have the right to remain silent. Anything you say can be used against you in a court of law. You have the right to the presence of an attorney. If you cannot afford an attorney, one will be appointed to you before questioning. Do you understand [your rights][1]?

(First Interrogation Tr. 1, Ex. B to Mot. to Suppress, ECF No. 73-2); (Second Interrogation Tr. 1, Ex. C to Mot. to Suppress, ECF No. 73-3).[2] Defendant responded affirmatively both times. (*Id.*).

In her Motion to Suppress, Defendant first seeks to suppress any statements she made during the initial stop by the LVMPD officer, prior to the reading of her *Miranda* rights. (Mot. to Suppress 4:8 – 10, ECF No. 73). Judge Leen found that the Court did not need to examine this first issue because "the [G]overnment affirmatively represents it will not seek to introduce statements [Defendant made] during her initial detention and prior to the tape recorded post Miranda statements." (R. & R. 9:1–3).[3] Next, Defendant also urges the Court to suppress the statements she made during the two taped interrogations because the Miranda warnings were "inadequate and violated her Fifth Amendment Rights." (*Id.* 3:21–22). Specifically, Defendant argues that the given *Miranda* warning "failed to advise [Defendant] that she not only had a right to consult with an attorney *before* she decided whether or not to answer his questions, but also that she had a right to have that attorney *present throughout the interrogations*." (*Id.* 8:24–

---

[1] Detective Chavez's first *Miranda* warning concluded with the question to Defendant, "Do you understand?" and the second asked, "Do you understand your rights?" (*See* First Interrogation Tr. 1); (Second Interrogation Tr. 1). The Court clarifies here for purposes of accuracy, not to indicate a substantive distinction.
[2] The parties do not dispute that these two recorded interrogations were custodial interrogations (*see* Obj. 3:12–13, ECF No. 99), nor do they dispute that this quoted language represents the *Miranda* warning at issue here (*id.* 5:2–3).
[3] Defendant again raises this issue in her Objection, "reserve[ing] her objections to the admissibility of these statements in the event that the government changes its position." (Obj. 3:9–11). The Court agrees with Judge Leen that the issue need not be addressed at this time.

9:2).  However, Judge Leen found that "the *Miranda* warnings [Defendant] received complied with the four warnings *Miranda* mandates," so she recommended denial of the motion. (R. & R. 8:3–4).

## II.     LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*   The Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3–2(b).

## III.    DISCUSSION

Defendant asserts several objections to Judge Leen's Report and Recommendation denying her Motion to Suppress. (Obj., ECF No. 40).  Defendant argues that the LVMPD's *Miranda* warning "even read in [its] totality, failed to completely advise [Defendant] that she could consult with an attorney before and during interrogation." (*Id.* 7:12–14).  Further, Defendant asserts that Judge Leen erred in "inferring rights that were not articulated and by finding the rights given to [Defendant] were more explicit than the warnings deemed sufficient in *People of Territory of Guam v. Snaer*[, 758 F.2d 1341, 1343 (9th Cir. 1985)]." (*Id.* 8:20–21). Defendant explains that the "limited warnings administered by [the LVMPD] did not allow for any reasonable inference as to *when* the attorney could be consulted and the *role* that attorney would play within the constitutional protections articulated in Miranda [sic] or its progeny." (*Id.* 10:1–3).  Ultimately, Defendant asserts that "the vague, if not completely omitted, warnings given [to Defendant] prevented her from making an intelligent and knowing waiver of her right to consult with an attorney before or during the interrogation." (*Id.* 11:5–7).  Overall,

these objections essentially reassert the same arguments presented in Defendant's Motion to Suppress.

The Fifth Amendment guarantees that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The Supreme Court has held that the Fifth Amendment affords a citizen the right to be informed prior to custodial interrogation that "he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney, one will be appointed for him prior to any questioning." *Miranda v. Arizona*, 384 U.S.436, 479 (1966). The Supreme Court does not require a "talismanic incantation . . . to satisfy [*Miranda*'s] strictures." *California v. Prysock*, 453 U.S. 355, 359 (1981). Further, courts reviewing the adequacy of warnings "need not examine *Miranda* warnings as if construing a will or defining the terms of an easement." *Duckworth v. Eagan*, 492 U.S. 195, 203 (1989). However, the warnings given must "adequately convey notice of the right to consult with an attorney before questioning." *People of the Territory of Guam v. Snaer*, 758 F.2d 1341, 1342 (9th Cir. 1985). Nevertheless, "[t]o be found inadequate, an ambiguous warning must not readily permit an inference of the appropriate warning." *Doody v. Schriro*, 548 F.3d 847, 863 (9th Cir. 2008), *aff'd on remand by Doody v. Ryan*, 649 F.3d 986 (9th Cir. 2011) (en banc).

The courts in this district are currently split as to the sufficiency of the standard *Miranda* warnings given to defendants by the LVMPD.[4] Two district judges have recently held that the LVMPD's standard advisement is inadequate, finding that the wording does not necessarily

---

[4] The Court notes that the *Miranda* warnings provided in these cases, except *United States v. Carter* and *United States v. Moore*, all differ slightly from the *Miranda* warning here, stating that the defendant had "the right to the presence of an attorney during questioning" as opposed to the warning here of "the right to the presence of an attorney." This minor variation could be a distinction, as Judge Dorsey noted in *Loucious*: "Had the warning simply said 'you have the right to the presence of an attorney,' I might conclude that a reasonable person could infer that the right extends to all stages—before, during, and after questioning." Order at 6:7–9, *United States v. Loucious*, Case No. 2:15-cr-106-JAD-CWH (D. Nev. Feb. 19, 2016), ECF No. 75.

inform the defendant of the right to consult with an attorney before questioning. *United States v. Chavez*, 111 F. Supp. 3d 1131, 1146 (D. Nev. 2015); Order at 6–7, *United States v. Loucious*, Case No. 2:15-cr-106-JAD-CWH (D. Nev. Feb. 19, 2016), ECF No. 75.  However, two other district judges have upheld the LVMPD's standard language, finding that based on the warnings given, the defendant "would be able to grasp the substance of what he was told—that he had the right to appointed counsel if he could not afford a lawyer and that the right exists both before and during questioning." *United States v. Waters*, Case No. 2:15-cr-80-JCM-VCF, 2016 WL 310738, at *8 (D. Nev. Jan. 26, 2016); *United States v. Davis*, Case No. 2:12-cr-289-JCM-PAL, 2016 WL 3092110, at *3 (D. Nev. June 1, 2016); *United States v. Carter*, Case No. 2:15-cr-322-KJD-VCF, 2016 WL 3566984, at *2 (D. Nev. June 30, 2016).  In recent ruling on a similar motion filed by co-Defendant, this Court determined that the same *Miranda* warning provided to Defendant was constitutionally adequate. *See* Order at 4–5, *United States v. Moore*, Case No. 2:15-cr-226-GMN-PAL (D. Nev. Aug. 19, 2016), ECF No. 110.

Having reviewed the record in this case, and looked at the warning as a whole to determine whether Defendant was adequately informed of her rights under *Miranda*, the Court agrees with the analysis and findings of Judge Leen in her Report and Recommendation (ECF No. 91) denying the Motion to Suppress and incorporates them by reference in this Order.  The Court finds that although Detective Chavez did not explicitly state that Defendant had a right to consult with an attorney *before* questioning, a reasonable suspect would have understood that right after hearing all of the *Miranda* warnings.  Namely, the warnings that Defendant had "the right to the presence of an attorney," and that if she "cannot afford an attorney, one will be appointed before questioning." (First Interrogation Tr. 1); (Second Interrogation Tr. 1).

*Miranda* uses almost identical language as the LVMPD uses here. *Compare Miranda v. Arizona*, 384 U.S. at 479 ("[H]e has the right to the presence of an attorney, and that if he cannot afford an attorney, one will be appointed for him prior to any questioning.") *with* (First

Interrogation Tr. 1) ("You have the right to the presence of an attorney. If you cannot afford an attorney, one will be appointed before questioning."). The Ninth Circuit has stated: "Although the Supreme Court does not require a verbatim reading of the *Miranda* rights to defendants, . . . it certainly does not prohibit it." *United States v. Noti*, 731 F.2d 610, 615 (9th Cir. 1984). Therefore, the Court concludes that Defendant was properly informed of her *Miranda* rights at the beginning of both interrogations.

Accordingly, the Court adopts the Report and Recommendation (ECF No. 91) and denies Defendant's Motion to Suppress Statements (ECF No. 73).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Report and Recommendation (ECF No. 91) is **ACCEPTED and ADOPTED in full**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Statements (ECF No. 73) is **DENIED**.

**DATED** this __27__ day of August, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court